No. 93-630

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

KAREN CAVENY,

      Plaintiff and Appellant,

   v.

JOHNSTON-WILL, INC., a Montana
corporation; MARLIN W. JOHNSTON;
MYRON A. JOHNSTON; GREGORY W.
JOHNSTON; DAVE A. JOHNSTON; and
PHILLIP N. CARTER, jointly and
severally,

      Defendants and Respondents.

APPEAL FROM:   District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable Richard G. Phillips, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Jerrold L. Nye, Nye & Meyer, Billings, Montana

      For Respondents:

      Gene R. Jarussi, Jarussi & Bishop, Billings, Montana

FILED

MAY 03 1994

Filed:

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: April 14, 1994

Decided: May 3, 1994

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Jerrold L. Nye, attorney for Karen Caveny, appeals from an order of the Seventh Judicial District Court, Richland County, imposing upon him Rule 11, M.R.Civ.P., sanctions. The court sanctioned Nye for naming Phillip N. Carter, attorney for his clients, defendants Johnston-Will, Inc., Marlin W. Johnston, Myron A. Johnston, Gregory W. Johnston, and Dave A. Johnston, as a defendant in a civil action Nye filed in District Court on behalf of Karen Caveny. The court held that neither plaintiff Karen Caveny or her attorney had any basis in fact to name Phillip N. Carter as a defendant in the civil action. The court set the amount of sanctions against Nye at $9,982.50, allowing Carter to recover attorney fees; the court also as a sanction assessed costs in the amount of $419.40. We affirm.

The notice of appeal filed by Nye states:

> NOTICE IS HEREBY GIVEN that Jerrold L. Nye appeals to the Supreme Court of the State of Montana the order of the District Court entitled <u>Order Determining The Amount Of Sanctions</u>, dated November 15, 1993, ordering him to pay sanctions to Phillip N. Carter under Rule 11 of the Montana Rules of Civil Procedure.

DATED this ___10th___ day of December, 1993.

NYE & MEYER, P.C.

BY: _/s/ Jerrold L. Nye_____
    Jerrold L. Nye

Nye appeals only from the court's order determining the amount of sanctions. We therefore will consider only the issue as to whether the District Court committed error in fixing the amount of sanctions imposed.

2

The imposition of the type and amount of sanctions in violation of Rule 11 is in the discretion of the District Court. D'Agostino v. Swanson (1990), 240 Mont. 435, 784 P.2d 919. The court has great flexibility in tailoring sanctions so that it may prescribe the most effective disciplinary action warranted by the circumstances of each case. D'Agostino, 784 P.2d at 925-26. We will not overturn the form and amount of the sanctions imposed by the court unless the court has abused its discretion. D'Agostino, 784 P.2d at 926.

The District Court in its order determining the amount of sanctions stated:

> Based on the evidence presented by Mr. Jarussi, the Court finds that the hourly rate, established by comparison to other attorneys with comparable experience and doing comparable work, at $110 per hours is reasonable.
>
> . . . the Court cannot conclusively state that it was unreasonable considering the issues involved and the quality of the work product.

We conclude that the District Court did not abuse its discretion. Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Chief Justice

We concur:

_____
Karla M. Gray

_____
William E. Hunt, Sr.

_____
Terry N. Trieweiler

_____
Justices

4